Although such a holding will potentially result in piecemeal litigation, the FAA's purpose is to enforce private arbitration agreements "even if the result is 'piecemeal litigation,' at least absent a countervailing policy manifested in another federal statute." Dean Witter Reynolds Inc. v. Byrd , 470 U.S. 213, 219-20, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). As the Fifth Circuit noted in Texaco , Rule 14(c) may not be used to override the FAA's strong policy favoring arbitration. See Texaco , 243 F.3d at 910. Moreover, even if Horizon never brings claims against Ausca, Progressive's interests will be protected, as apportionment of liability exists whether or not Ausca is impleaded under Rule 14(c). See id. Finally, "[t]he fact that [a] defendant has successfully impleaded a third party does not guarantee that the third-party claim will be adjudicated in conjunction with the main claim." WRIGHT , ET AL. , FEDERAL PRACTICE & PROCEDURE 533 § 1460 (2010). Thus, guided by the Fifth Circuit's holding in Texaco , the Court will stay Horizon's claims against Ausca pending the outcome of the arbitration, if any, *725 between them.[4] See Texaco , 243 F.3d at 910 ("If arbitration goes forward between Texaco and McDermott, it need not hold up or interfere with the admiralty litigation between Texaco and the other defendants." (emphasis added) ); Midwest Mech. Contractors, Inc. , 801 F.2d at 753 (explaining that courts must grant a stay in light of a valid arbitration agreement regardless of the arbitration's status).
IV. CONCLUSION
Accordingly;
IT IS ORDERED that Third-Party Defendant Ausca Shipping Limited's motion to dismiss Progressive Barge Line Inc.'s Complaint against it is GRANTED IN PART AND DENIED IN PART . R. Doc. 34. To the extent Ausca seeks dismissal of Progressive's direct claims against it, the motion is DENIED . To the extent Ausca seeks to dismiss the complaint tendered by Progressive pursuant to Rule 14(c), the motion is DENIED ; however, the claims against Ausca brought against it by Horizon via Progressive's Rule 14(c) tender are hereby STAYED pending the outcome of contractually mandated arbitration. In other words, Horizon's claims against Progressive and Progressive's claims against Ausca and Horizon remain, while Horizon's claims against Ausca pursuant to Progressive's Rule 14(c) tender are stayed pending the outcome of arbitration, if any.

In the alternative, Progressive requests that, should the Court grant Ausca's motion to stay, the Court also enter an order compelling arbitration between Horizon and Ausca. R. Doc. 43 at 3. The Court finds it has no authority to do so. Progressive further suggests the Court "enter an order declaring that the arbitration proceeding between Horizon and Ausca will have no bearing on this Court's determination of Progressive's liability" in the event the Court orders Horizon and Ausca to arbitrate. Id. The Court finds such a request premature and will deny it without prejudice.